FILED

09/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0363

## SYNOPSIS OF THE CASE

**2020 MT 238**: DA-19-0363, **MTSUN, LLC**, Applicant, Petitioner and Appellee, v. **THE MONTANA DEPARTMENT OF PUBLIC SERVICE REGULATION, MONTANA PUBLIC SERVICE COMMISSION**, Respondent and Cross-Appellant, and **NORTHWESTERN CORPORATION, D/B/A NORTHWESTERN ENERGY**, Intervenor, Respondent and Appellant, and **THE MONTANA CONSUMER COUNSEL**, Intervenor.[1]

The Montana Supreme Court has overruled the Public Service Commission's (PSC) rejection of a proposed development of an 80 megawatt solar energy facility near Billings, Montana.

In a 7-0 decision, the Justices upheld a lower court decision that ruled the PSC had violated both federal and state laws by rejecting an agreement MTSUN, LLC proposed to NorthWestern Energy for the development. Further, the Court ruled that the PSC had exceeded its authority by "upending" the terms agreed to by NorthWestern and MTSUN.

On December 23, 2016, MTSUN filed a petition with the PSC to determine that NorthWestern had a legally enforceable obligation with the developer to go forward with the purchase. The PSC ruled there was not an enforceable agreement and went on to alter the terms of the proposal, including the provisions that both parties had previously agreed to accept.

The federal Public Utility Regulatory Policies Act (PURPA) precludes state regulators like the PSC from using discriminatory practices against developers of energy that are alternatives to the use of fossil fuels. The PSC must give solar and wind developers the opportunity to compete on a level playing field with existing forms of power being used by the utility. Smaller projects like MTSUN's 80 MW plan can negotiate directly with utilities for the sale of the power and only need to go to the PSC if the parties are unable to fully agree.

The Supreme Court agreed with the District Court that the PSC violated the requirements of PURPA and state law precluding discrimination against solar energy projects and that the terms of the submitted proposal should have been approved.

The Court held that there was an enforceable obligation and that "clearly, MTSUN's difficult and drawn out negotiations with Northwestern and its eventual petition to the PSC, sufficiently demonstrated a commitment to the development of its proposed project to establish" an agreement to go forward. The Court also held that the PSC exceeded its

---

[1] The Court prepared this synopsis for the reader's convenience. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

authority by imposing its own contract terms by changing the length of the contract from 25 to 15 years, changing calculations for avoided-energy and avoided-capacity costs, and striking a contingency for potential carbon costs.

The concurring opinion notes that this challenge more properly should have been pursued in the federal courts; however, the Montana Supreme Court's recent precedent in *Vote Solar v. PSC* allowed for state court proceedings. Further, the impact of both decisions will likely increase the costs for provision of power in violation of congressional intent in enacting PURPA.